David **PEDRAZA**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 13–00–571–CR.

Court of Appeals of Texas, Corpus Christi.

Aug. 9, 2001.

Thomas F. Greenwell, Corpus Christi, for appellant.

Carlos Valdez, Nueces County Dist. Atty., Douglas K. Norman, Asst. Dist. Atty., Corpus Christi, for appellee.

Before Justices DORSEY, HINOJOSA, and RODRIGUEZ.

## OPINION

Opinion by Justice HINOJOSA.

This is an appeal from the trial court's order revoking appellant's deferred adjudication community supervision and adjudicating guilt. In a single issue, appellant, David Pedraza, contends the trial court was without jurisdiction to enter the adjudication order. We affirm.

### A.  BACKGROUND

On April 19, 1993, pursuant to a plea bargain, appellant pleaded guilty to one count of burglary of a habitation. In accordance with the terms of the plea bargain, the trial court deferred the adjudication of guilt and placed appellant on community supervision for five years (through April 18, 1998). Later, after the State filed a motion to adjudicate guilt, the trial court extended appellant's community supervision for an additional five years (through April 18, 2003).

In 1998, the State again moved to revoke appellant's community supervision and adjudicate his guilt. On March 13, 1998, the trial court signed a "Judgment Adjudicating Guilt." According to the judgment, the trial court found that appellant had violated the conditions of his community supervision, found appellant guilty of the offense of burglary of a habitation, and assessed his punishment at imprisonment for fifteen years and one day. On April 2, 1998, appellant filed a "Motion to Reconsider Sentence,"[1] and on April 9,

1998, he filed a motion for new trial and a notice of appeal.

Appellant's motions were heard by the trial court on April 29, 1998. On May 14, 1998, the trial court signed an order granting appellant's motion for new trial and setting aside the March 13, 1998 "Judgment Adjudicating Guilt." The order states, in relevant part, as follows:

> The Defendant ... timely filed his motion for new trial. In his motion and by his evidence and arguments, the Defendant does not challenge the findings that he violated the conditions of his supervision; he requests that his supervision on deferred adjudication not be revoked and that he be placed in a substance abuse treatment facility. He states that he has not ever been placed in such a facility, that he would benefit from such treatment and that it would be in the best interest of society that he be continued on supervision. Having duly considered the motion, the Court is of the opinion that the motion should be granted.

> IT IS THEREFORE ORDERED that Defendant's Motion for New Trial be and is hereby GRANTED.

> IT IS FURTHER ORDERED that the Judgment of revocation and imposition of sentence be and is hereby SET ASIDE.

> As before, the Court finds that the Defendant violated the conditions of supervision as alleged in the State's 4th Motion to Revoke.

> IT IS FURTHER ORDERED that the Defendant shall continue on community supervision under the present Judg-

---

1. In a criminal case, any post-verdict motion seeking to return the case to the posture in which it had been before trial is functionally indistinguishable from a motion for new trial. *See State v. Evans*, 843 S.W.2d 576, 577–78 (Tex.Crim.App.1992); *see also State v. Kanapa*, 778 S.W.2d 592, 593 (Tex.App.—Houston [1st Dist.] 1989, no writ); *State v. Garza*, 774 S.W.2d 724, 726 (Tex.App.—Corpus Christi 1989, no writ).

ment of Deferred Adjudication as rendered on April 19, 1993.

The order further modified the conditions of appellant's community supervision by (1) placing him in the Nueces County Substance Abuse Treatment Facility for not more than twenty-four months and (2) requiring him to pay various costs and attorney's fees.

On August 16, 2000, the State again filed a motion to revoke appellant's community supervision and adjudicate his guilt. On August 28, 2000, appellant pleaded true to the State's allegations. The trial court then found that appellant had violated the conditions of his community supervision, found him guilty of the offense of burglary of a habitation, and assessed his punishment at twenty years imprisonment. On September 18, 2000, appellant filed a special notice of appeal alleging a jurisdictional defect.

In a single point of error, appellant complains the trial court was without jurisdiction in August 2000 to adjudicate guilt and impose a twenty-year sentence. He contends the March 1998 order imposing a fifteen year and one day sentence is valid because the trial court was without jurisdiction to sign its May 1998 order, granting appellant a new trial and setting aside the March 1998 order.

### B. Jurisdiction

█ It is well-settled that no appeal may be taken from the hearing in which the trial court determines to proceed with an adjudication of guilt on the original charge. Tex.Code Crim. Proc. Ann. art. 42.12, § 5(b) (Vernon Supp.2001); *Phynes v. State*, 828 S.W.2d 1, 2 (Tex.Crim.App. 1992); *Olowosuko v. State*, 826 S.W.2d 940, 942 (Tex.Crim.App.1992); *Leal v. State*, 962 S.W.2d 652, 653 (Tex.App.—Corpus Christi 1998, no pet.). However, an appeal from an adjudication of guilt in a deferred adjudication case is allowed when the appellant alleges the judgment was void. *Nix v. State*, No. 793–00, 2001 WL 717453, *2, 2001 Tex.Crim.App. LEXIS 52, *6 (June 27, 2001) (adopting the "void judgment" exception in the deferred adjudication context); *see Jordan v. State*, Nos. 1929–99 and 1930–99, 54 S.W.3d 783, 785, 2001 Tex.Crim.App. LEXIS 54, *3 (June 27, 2001). A judgment is void only in very rare situations, usually due to a lack of jurisdiction. *Nix*, 2001 WL 717453 at *1, 2001 Tex.Crim.App. LEXIS 52 at *4; *Jordan*, 54 S.W.3d 783 at 785, 2001 Tex.Crim. App. LEXIS 54 at *3.

### C. Analysis

█ A defendant placed on deferred adjudication community supervision may file a motion for new trial after the revocation of his deferred adjudication community supervision, and if a new trial is granted, the conviction itself will be undone. *Jordan v. State*, 36 S.W.3d 871, 876 (Tex.Crim.App. 2001). A "new trial" is the rehearing of a criminal action after the trial court has, on the defendant's motion, set aside a finding or verdict of guilt. Tex.R.App. P. 21.1. A motion for new trial must be filed within thirty days of the date that the trial court imposes or suspends sentence in open court. Tex.R.App. P. 21.4(a). The trial court has seventy-five days after the imposition or suspension of sentence in which to rule on a motion for new trial. Tex.R.App. P. 21.8(a). Granting a motion for new trial restores the case to its position before the former trial, including, at any party's option, arraignment or pretrial proceedings initiated by that party. Tex.R.App. P. 21.9.

█ The issue here is the effect of a trial court's order granting a new trial after an adjudication of guilt in a deferred adjudication case. Appellant asserts that the action of the trial court, in undoing the adjudication of guilt but continuing appel-

lant on deferred adjudication community supervision, amounts to a granting of a new trial on punishment alone. *See State v. Hight,* 907 S.W.2d 845, 846 (Tex.Crim. App.1995) (a trial court may not grant a motion for new trial as to the punishment phase alone). Appellant argues that such an impermissible action renders the judgment void. A void judgment is a nullity and can be attacked at any time. *Nix,* 2001 WL 717453 at *2, 2001 Tex.Crim.App. LEXIS 52, at *5; *Ex parte Patterson,* 969 S.W.2d 16, 19 (Tex.Crim.App.1998). Appellant argues that because the May 14, 1998 order reinstating appellant on deferred adjudication community supervision was void, the March 13, 1998 order adjudicating his guilt and sentencing him to fifteen years plus one day is still valid. Therefore, the trial court was without jurisdiction to adjudicate him guilty a second time in 2000 and sentence him to twenty years' imprisonment.

We disagree that the trial court's action was impermissible. Appellant timely filed his motion for new trial, thus extending the trial court's authority to seventy-five days after the imposition of sentence. *See* Tex.R.App. P. 21.8(a). In his motion for new trial, appellant never contested his plea of true at the revocation hearing, and never requested leave to withdraw his original guilty plea. Instead, he asked only that the adjudication be reversed, and that he be placed in a substance abuse treatment program. Within the seventy-five day period after the imposition of sentence, the trial court granted appellant's request, set aside the adjudication of guilt, continued him on deferred adjudication community supervision, and ordered that he be placed in a treatment program. We find this to be a timely and permissible exercise of the trial court's discretion.

The granting of the motion for new trial did exactly what such a motion is supposed to do. It restored the case to its position before the "trial." See Tex.R.App. P. 21.9. In the context of a deferred adjudication proceeding, the "trial" is the adjudication of guilt, not the hearing at which the appellant originally pleaded guilty. Appellant was restored to his position before adjudication, at his request. Appellant did not request a withdrawal of his guilty plea or contest that plea in any way.[2] He did not request another arraignment or further pretrial proceedings. *See* Tex.R.App. P. 21.9. Appellant received a "new trial," or rehearing of his criminal action after the trial court had, on appellant's motion, set aside the adjudication of guilt and continued him on deferred adjudication community supervision. *See* Tex. R.App. P. 21.1. Furthermore, appellant did not object in any way to the continuation of deferred adjudication community supervision.[3]

We hold the trial court's action in reversing the adjudication and continuing appellant on deferred adjudication was proper, and the May 14, 1998 order is, therefore, not void for lack of jurisdiction. We further hold that appellant was properly on deferred adjudication community supervision in 2000, when the State sought to adjudicate his guilt and revoke his deferred adjudication community supervision. Accordingly, the trial court had jurisdiction to grant the State's motions and

---

2. Appellant would have had to appeal all issues relating to his original plea of guilty at the time of that plea. *See Manuel v. State,* 994 S.W.2d 658, 661–62 (Tex.Crim.App. 1999).

3. We also note that appellant invited any error in the trial court's judgment; the law of invited error estops a party from making an appellate error of an action he induced. *See Prystash v. State,* 3 S.W.3d 522, 531 (Tex. Crim.App.1999).

sentence appellant to twenty years imprisonment. Appellant's sole issue is overruled.

The judgment of the trial court is affirmed.