ACCEPTED
13-14-00585-CR
THIRTEENTH COURT OF APPEALS
CORPUS CHRISTI, TEXAS
7/17/2015 3:28:57 PM
CECILE FOY GSANGER
CLERK

FILED IN
13th COURT OF APPEALS
CORPUS CHRISTI/EDINBURG, TEXAS
7/17/2015 3:28:57 PM
CECILE FOY GSANGER
Clerk

**CASE NO. 13-14-00585-CR**

## IN THE COURT OF APPEALS
## THIRTEENTH DISTRICT OF TEXAS
## CORPUS CHRISTI, TEXAS

---

### THE STATE OF TEXAS
*Appellant*

### VS.

### JARED GOMEZ
*Appellee*

---

**Trial Cause No. 13-CR-3365-E; The State of Texas v. Jared Gomez;
From the 148TH Judicial District Court, Nueces County, Texas**

---

### BRIEF OF APPELLEE, JARED GOMEZ

_____

ATTORNEYS FOR APPELLANT:
A. Cliff Gordon
State Bar No. 00793838
Douglas K. Norman
State Bar No. 15078900
Nueces County District Attorney Office
901 Leopard, Room 206
Corpus Christi, Texas 78401
Telephone (361) 888-0410
Telecopier (361) 888-0399

ATTORNEYS FOR APPELLEE:
Ira Z. Miller
State Bar No. 24051051
545 N. Upper Broadway, Suite 114
Corpus Christi, Texas 78401
Telephone: (361) 882-7788
Telecopier: (361) 882-7799

### ORAL ARGUMENT IS NOT REQUESTED

## IDENTITY OF PARTIES AND COUNSEL

Appellant: The State of Texas, District Attorney for the 105th Judicial District, represented by:

Trial Counsel:

> Eduardo Flores, Jr.
> State Bar Number 24068686
> Sara Neel
> State Bar Number 24077622
> 901 Leopard, Room 206
> Corpus Christi, Texas 78401

Appellate Counsel:

> Douglas K. Norman
> State Bar Number 15078900
> A. Cliff Gordon
> State Bar Number 00793838
> 901 Leopard, Room 206
> Corpus Christi, Texas 78401

Appellee: Jared Gomez, represented by

> Trial Counsel:

> Keith Gould
> State Bar Number 00795885
> 5959 S. Staples, Suite 228
> Corpus Christi, Texas 78412

> James E. Lucas
> State Bar Number 24011140
> 4421 Gaines, Unit 4
> Corpus Christi, Texas 78412

> Dee Ann Torres
> State Bar Number 24045297
> 1122 Elizabeth St.
> Corpus Christi, Texas 78404

Appellate Counsel:

Ira Z. Miller
State Bar Number: 24051051
545 N. Upper Broadway, Suite 114
Corpus Christi, Texas 78401

# TABLE OF CONTENTS

IDENTITY OF PARTIES AND COUNSEL ........................................................ 2

TABLE OF CONTENTS ............................................................................... 3

INDEX OF AUTHORITIES ......................................................................... 5

STATEMENT OF THE CASE ....................................................................... 7

ISSUES PRESENTED .................................................................................. 9

STATEMENT OF FACTS ........................................................................... 10

SUMMARY OF THE ARGUMENT ............................................................ 13

ARGUMENT .............................................................................................. 16

      ISSUE I:    Whether the trial court's plenary power had expired
                 when the trial court granted Appellee's motion for
                 new trial and motion for reconsideration or reduction in
                 sentence ............................................................................ 16

      ISSUE II:   Whether Appellant waived any alleged error of the trial
                 court by failing to preserve error in the trial court ........... 19

      ISSUE III:  Whether the State's appeal is moot because the trial court
                 granted Appellee's motions, a new trial was held, Appellee
                 was resentenced and a final judgment was entered prior to
                 Appellant making any attempt to appeal the trial court's
                 interlocutory ruling. ........................................................ 21

      ISSUE IV:  Whether Appellant preserved for review any alleged error
                 of the trial court in granting Appellee's motion for new
                 trial in the interest of justice in Appellant's brief. ........... 22

      ISSUE V:   Whether the trial court abused its discretion in granting
                 Appellee's motion for new trial and motion for
                 Reconsideration in the interest of justice ........................... 24

PRAYER ..................................................................................................... 27

CERTIFICATE OF COMPLIANCE AND CERTIFICATE OF SERVICE ..... 29

## INDEX OF AUTHORITIES

**FEDERAL CASES**

*United States v. Leal,* 781 F.2d 1108 (5th Cir. 1986) ......................................................21

**STATE CASES**

*Barrios v. State,* 27 S.W.3d 313(Tex. App.—Houston [1st Dist] 2000, pet. ref'd) .........23

*Garrett v. State,* 220 S.W.3d 926 (Tex. Crim. App. 2007)................................................22, 23

*Martinez v. State,* 91 S.W.3d 331 (Tex. Crim. App. 2002) .............................................20

*Mullins v. State,* 37 Tex. 337 (1872-73) ........................................................................24

*Pedraza v. State,* 69 S.W.3d 220 (Tex. App.—Corpus Christi 2001, no pet. h.) ............16, 18, 19

*Rezac v. State,* 782 S.W.2d 869 (Tex. Crim. App. 1990) ................................................23

*Rochelle v. State,* 791 S.W.2d 121 (Tex. Crim. App. 1990)............................................23

*State v. Aguilera,* 165 S.W.3d 695 (Tex. Crim. App. 2005)...........................................16, 17

*State v. Davis,* 349 S.W.3d 535 (Tex. Crim. App. 2011) ...............................................16, 17

*State v. Garza,* 774 S.W.2d 724 (Tex. App.—Corpus Christi 1989, pet. ref'd)..............21

*State v. Gonzalez,* 855 S.W.2d 692 (Tex. Crim. App. 1993)(en banc)............................24, 27

*State v. Herndon,* 215 S.W.3d 901 (Tex. Crim. App. 2007)............................................23, 24, 25

*State v. Mercado,* 972 S.W.2d 75 (Tex. Crim. App. 1998) .............................................20

**STATUTES**

TEX. R. APP. P. 4.1 ...........................................................................................................17

TEX. R. APP. P. 21.3 .........................................................................................................24

TEX. R. APP. P. 21.4 .........................................................................................................16

TEX. R. APP. P. 21.8 .........................................................................................................16

TEX. R. APP. P. 33.1 ...................................................................................19

TEX. R. APP. P. 38.1 ...................................................................................22

TEX. CODE CRIM. PROC. art. 44.01 ............................................................21

CASE NO. 13-14-00585-CR

IN THE COURT OF APPEALS
THIRTEENTH DISTRICT OF TEXAS
CORPUS CHRISTI, TEXAS

---

**THE STATE OF TEXAS**
*Appellant*

**VS.**

**JARED GOMEZ**
*Appellee*

---

**Trial Cause No. 13-CR-3365-E; The State of Texas v. Jared Gomez;
From the 148TH Judicial District Court, Nueces County, Texas**

---

**TO THE HONORABLE JUDGES OF THE THIRTEENTH COURT OF APPEALS:**

Appellee respectfully requests that this appeal not be presented for oral argument.

**STATEMENT OF THE CASE**

Jared Gomez was charged by Indictment for the offense of Continuous Violence Against the Family. *See* Clerk's Record, pp. 5-6. Appellee plead guilty pursuant to a plea bargain agreement and was placed on Deferred Adjudication for a period of three years. See Clerk's Record, pp. 63-67. The State filed a First Amended Original Motion to Revoke Probation on July 23, 2014. *See* Clerk's Record, pp. 88-90. Appellee entered a plea of True to the violations alleged in the State's Original Motion to Revoke Probation on July 24, 2014. *See* Clerk's Record, pp. 98-103; *see also* Reporter's Record, vol. 2, p. 8, line 5. The trial court adjudicated Appellee's guilt and sentenced Appellee to ten years in the Texas Department of Criminal Justice Institutional Division. *See* Clerk's Record, pp. 106-107; *see also* Reporter's Record p. 38, lines 3-4. Appellee filed a Motion for New Trial and Motion for Reconsideration or Reduction of

Sentence on August 20, 2014. *See* Clerk's Record, pp. 112-117. The trial court held a hearing on Appellee's Motions on October 7, 2014. *See* Reporter's Record, vol. 3, p. 1. After the hearing the trial court granted both of Appellee's motions, withdrew the finding of guilt and placed Appellee on deferred adjudication community supervision. *See* Supplemental Clerk's Record, pp. 6-7 and Reporter's Record, vol. 3, pp 56.

## ISSUES PRESENTED

1. Whether the trial court's plenary power had expired when the trial court granted Appellee's motion for new trial and motion for reconsideration or reduction in sentence.

2. Whether Appellant waived any alleged error of the trial court by failing to preserve error in the trial court.

3. Whether the State's appeal is moot because the trial court granted Appellee's motions, a new trial was held, Appellee was resentenced and a final judgment was entered prior to Appellant making any attempt to appeal the trial court's interlocutory ruling.

4. Whether Appellant preserved for review any alleged error of the trial court in granting Appellee's motion for new trial in the interest of justice in Appellant's brief.

5. Whether the trial court abused its discretion in granting Appellee's motion for new trial and motion for reconsideration in the interest of justice.

**STATEMENT OF FACTS**

Jared Gomez was charged by Indictment for the offense of Continuous Violence Against the Family. *See* Clerk's Record, pp. 5-6. The victim of the offense was Kezia Lopez. *See id.* Appellee pleaded guilty pursuant to a plea bargain agreement and was placed on Deferred Adjudication for a period of three years. See Clerk's Record, pp. 63-67.

The State filed a First Amended Original Motion to Revoke Probation on July 23, 2014. *See* Clerk's Record, pp. 88-90. Appellee entered a plea of True to the violations alleged in the State's Original Motion to Revoke Probation on July 24, 2014. *See* Clerk's Record, pp. 98-103; *See also* Reporter's Record, vol. 2, p. 8, line 5. At the conclusion of the hearing, the trial court adjudicated Appellee's guilt and sentenced Appellee to ten years in the Texas Department of Criminal Justice Institutional Division. *See* Clerk's Record, pp. 106-107; *see also* Reporter's Record p. 38, lines 3-4.

Appellee filed a Motion for New Trial and Motion for Reconsideration or Reduction of Sentence on August 20, 2014. *See* Clerk's Record, pp. 112-117. The Motion for New Trial requests the trial court to grant a new trial because the verdict is contrary to the law and the evidence and in the interest of justice. *See* Clerk's Record, pp. 112-113. The Trial Court originally scheduled to hear both motions on August 20, 2014. *See* Clerk's Record, p. 114 and p. 117. The trial court held a hearing on Appellee's Motions on October 7, 2014. *See* Reporter's Record, vol. 3, p. 1. The record is silent as to why the trial court rescheduled the hearing. However, the record indicates the trial court issued a bench warrant for Appellee on October 1, 2014 to be in court on October 6 and October 7 of 2014. *See* Supplemental Clerk's Record, pp. 4-5.

The trial court held a hearing on Appellee's motions on October 7, 2014. *See* Clerk's Record, p. 1. Appellee called Ms. Gomez, a witness who did not testify at the hearing on the motion to revoke probation. *See* Clerk's Record, p. 6. Ms. Cantu provided new material testimony to the trial court to Appellee's employment status, children, living situation and the effect of being incarcerated has had on Appellee.. *See* Clerk's Record, pp. 6-18. Appellee then called Ms. Lopez who materially altered her testimony from which she provided in the motion for revocation hearing. *See* Clerk's Record, p. 20, lines 12-18. At the conclusion of the hearing the Court allowed both parties to make final argument. *See* Reporter's Record, vol. 3, pp. 50-53. The attorney for the State never argued Appellee was not entitled to a new trial or a reconsideration of the sentence because the hearing was on the seventy fifth day after the imposition of the sentence. *See* Reporter's Record vol. 3, pp. 51-52; *see also* Reporter's Record vol. 3, p. 53, lines 7-12. Further, the State never argued Appellee had failed to set out a legal basis to which the trial court could grant a motion for new trial. *See* Reporter's Record, vol. 3, pp. 51-52; *see also* Reporter's Record, vol. 3, p. 53, lines 7-12. Instead the State argued Appellee was not a good candidate for community supervision because he shows what the State believes is classic signs of being a repeat offender and he is a risk to the community based on other cases of domestic violence, involving other defendants in Nueces County. *See* Reporter's Record vol. 3, pp. 51-52.

At the conclusion of the hearing the trial court granted both of Appellee's motions. *See* Supplemental Clerk's Record, pp. 6-7; *see also* Reporter's Record, vol. 3, p. 56, lines 8-20. The trial court then withdrew the finding of guilt and placed Appellee on deferred adjudication. *See* Supplemental Clerk's Record, pp. 6-7 and Reporter's Record, vol. 3, p. 56. The trial court

extended Appellee's period of deferred adjudication from three years to four years. *See* Reporter's Record, vol. 3, pp. 56, lines 17-19.

After the trial court granted Appellee's motion for new trial and motion for reconsideration and reduction of sentence and prior to the trial court implementing the sentence the State did not: (1) give notice of appeal; (2) request a stay in the proceedings pending the appeal; (3) seek a writ of mandamus; or (4) object to the trial court proceeding to sentence Appellee by placing Appellee back on deferred adjudication. *See* Reporter's Record, vol. 3, p. 56, lines 8-13. Further, Appellant failed to: (1) give a notice of appeal; (2) request a stay in the proceedings pending an appeal; (3) seek a writ of mandamus; or (4) object to the trial court proceeding to sentence Appellee for the remainder of the hearing. *See* Reporter's Record, vol. 3, pp. 56-61. Instead, Appellant requested the trial court to add additional conditions to Appellee's community supervision. *See id.* The State did not file a notice of appeal or request a stay until after the hearing was complete and the trial court had entered a final judgment.

## SUMARY OF THE ARGUMENT

A trial court retains plenary power to alter or modify its sentence if the defendant files a motion for new trial within thirty days of sentencing. If the defendant files a motion for new trial the trial court's authority to grant a new trial as to guilt or punishment is extended to seventy five days after the imposition of the sentence. In the case at bar, Appellee was sentenced on July 24, 2014. Appellee filed a motion for new trial and motion for reconsideration or reduction of sentence on August 20, 2014. As such, the trial court's plenary power to grant the motion for new trial and motion for reconsideration or reduction of sentence was extended to seventy five days after the imposition of the sentence. Therefore, the trial court had the plenary power to grant Appellee's motion for new trial and motion for reconsideration or reduction of sentence on the seventy fifth day after the implementation of the sentence when it granted Appellee's motions.

Prior to presenting a complaint to the appellate court the record must indicate the complaining party raised the issue in the trial court by a timely request, objection or motion which states (1) the grounds to the trial court with sufficient specificity to make the trial court aware of the complaint and (2) complies with the Texas Rules of Evidence and Texas Rules of Procedure. Appellant did not argue at the trial court Appellee had failed to present evidence to the trial court which would provide a legal bases to the trial court to grant the motion for new trial and motion for reconsideration or reduction of sentence. Therefore, Appellant failed to raise the grounds in the trial court and has waived it for appellate purposes.

Appellant's appeal to this court is moot because the trial court entered a final judgment prior to Appellant making any attempt to appeal the trial court's interlocutory ruling granting Appellee's motion for new trial and motion for reconsideration or reduction of sentence. While

the State may appeal a trial court's ruling granting a motion for new trial, the issue becomes moot once the trial court makes a final determination of a cause. The State still has the responsibility to appeal or seek appropriate relief before the new trial is held. In the case at bar the State failed to seek a stay in the proceedings or file a notice of appeal prior to the trial court entering a final judgment on the case.

Appellant failed to preserve error of the trial court's ruling granting Appellee's motions in the interest of justice. The initial brief of the Appellant must state all issues and points presented for appeal. The only limitations on the issues presented to the court of appeals in the initial brief are set by the court's discretion and any restrictive statute. It is the policy of appellate rules that all matters to be addressed must be raised in the original brief.

Appellee filed a motion for new trial seeking a new trial because the verdict was contrary to the law and the evidence and in the interest of justice. At the hearing on Appellee's motion for new trial Appellee presented evidence requesting a new trial in the interest of justice and thus abandoned its argument Appellee was requesting a new trial because the verdict was contrary to the law and the evidence. Appellant does not raise the issue of whether the trial court abused its discretion in granting Appellee a new trial in the interest of justice. Instead, Appellant states the trial court cannot grant a motion for new trial in the interest of justice and focused on the sufficiency of the evidence in analyzing whether a new trial could be granted because the verdict is contrary to the law and the evidence. Therefore, Appellant failed to preserve any argument the trial court abused its discretion in granting Appellee's motion for new trial in the interest of justice.

Appellant mistakenly argues the trial court abused its discretion in granting Appellee's motion for new trial and reconsideration or reduction of sentence. A trial court may always grant

a motion for new trial in the interest of justice. A trial court's order granting a motion for new trial in the interest of justice is reviewed by an abuse of discretion standard. The trial court abuses its discretion when it acts without reference to any guiding rules or principles. While the Court of Criminal Appeals has not set out a bright line rule concerning appellate review of a trial courts decision it has stated the trial court does not abuse its discretion when it grants a new trial the defendant (1) has articulated a valid legal claim in the motion for new trial; (2) produced evidence which substantiates that claim; and (3) shows prejudice his or her substantial rights under the standards of the Texas Rules of Appellate Procedure.

Appellee's motion for new trial requested a new trial in the interest of justice. Therefore, Appellee's motion for new trial articulated a valid legal claim. Appellee presented evidence at the motion for new trial which was not presented at the initial motion to revoke probation hearing. Appellee called Ms. Gomez to testify about the living conditions, employment and children of Appellee. Ms. Gomez did not testify at the initial motion to revoke probation. As such, the testimony was material to determining the appropriate punishment for Appellee. At the motion for new trial hearing Appellee called a witness who materially altered the testimony she gave at the motion to revoke probation hearing. Ms. Lopez testified at the motion to revoke probation hearing Appellee hurts her. However, at the motion for new trial hearing Ms. Lopez testified Appellee does not physically hurt her and that he was only rude to her on the phone. As such , her testimony at the motion for new trial hearing was a material change to her testimony presented in the original motion to revoke probation hearing. Therefore, the testimony of Ms. Gomez and Ms. Lopez establishes Appellee showed prejudice to his substantial rights under the standards of Texas Rule of Appellate Procedure 44.2. As such, the trial court did not abuse its

discretion in granting Appellee's motion for new trial and motion for reconsideration and reduction in sentence.

**ARGUMENT**

**ISSUE I:** **Whether the trial court's plenary power had expired when the trial court granted Appellee's Motion for New Trial and Motion for Reconsideration or Reduction in Sentence.**

Appellant mistakenly argues the trial court did not have plenary power to grant Appellee's motion for new trial and motion for reconsideration or reduction in sentence on the seventy fifth day after the imposition of Appellee's sentence. The trial court ruled on Appellee's motions on the seventy fifth day after the imposition of Appellee's sentence. As such, the trial court had plenary power to grant the Motion for New Trial and the Motion for Reconsideration or Reduction in Sentence.

The trial court retains plenary power to alter or modify its sentence if the defendant files a motion for new trial within thirty days of sentencing. *See State v. Davis,* 349 S.W.3d 535, 537 (Tex. Cim. App. 2011); *see also State v. Aguilera,* 165 S.W.3d 695, 697-698 (Tex. Crim. App. 2005)(trial court retains plenary power if motion for new trial is filed within thirty days). A defendant may not file a motion for new trial later than thirty days after the trial court imposes or suspends the defendant's sentence in open court. *See* Tex. R. App. P. 21.4.

The filing of a motion for new trial extends the plenary power of the trial court for seventy five days after the imposition of the sentence. *See Pedraza v. State,* 69 S.W.3d 220, 224 (Tex. App.—Corpus Christi 2001, no pet. h.). The trial court must rule on the motion for new trial within seventy five days after the imposition of sentence. *See* TEX. R. APP. P. 21.8. A motion for new trial is deemed to be denied if the trial court does not timely enter a written order granting the new trial. *See id.* In calculating the time limitation set out in the Texas Rules of

Appellate Procedure the day of the act or event after which a designated period begins to run is not included in the calculation of the period prescribed or allowed by the rules. *See* Tex. R. App. P. 4.1. However, the last day of the period is included. *See id.* A motion for reconsideration or reduction of sentence is functionally indistinguishable from granting a new trial as to punishment and is treated as a motion for new trial. *See Davis,* 349 S.W.3d at 538. Therefore, the same rules of appellate procedure which apply to a motion for new trial apply to a motion for reconsideration or reduction of sentence.

Appellant's reliance on *State v. Aguilera* is misplaced. In *State v. Aguilera* the Court of Criminal Appeals never held or stated the trial court only retains plenary power to modify its sentence if the modification is made on the same day as the assessment of the initial sentence and prior to the adjournment of the court for the day. In *State v. Aguilera* the trial court initially sentenced the defendant to twenty five years in the institutional division of the Texas Department of Criminal Justice. *See State v. Aguilera,* 165 S.W.3d 695, 696 (Tex. Crim. App. 2005). After the trial court heard the victim impact statement an in chambers discussion was held with the attorneys and the trial court resentenced the defendant to fifteen years incarceration over the State's objection. *See id.* There is no mention in the opinion the defendant filed a motion for new trial. *See id.* The Court of Criminal Appeals, in affirming the trial court's ruling stated at a *minimum*, the trial court retains its plenary power to modify a sentence if a motion for new trial or arrest of judgment is filed within thirty days of sentencing. *See id.* at 698. The Court of Criminal Appeals then held the trial court *also* retains its plenary power to modify its sentence if the modification is made on the same day as the assessment of the original sentence and prior to the court adjourning for the day. *See id.* As such, Appellant's reliance on *State v. Aguilera* is misplaced.

Appellant mistakenly argues there is no authority which extends a courts plenary power to reconsider its sentence beyond thirty days. In *Pedraza v. State*, pursuant to a plea bargain agreement, the trial court deferred the adjudication of guilt and placed the defendant on community supervision for five years pursuant to a plea bargain agreement. *See Pedraza v. State,* 69 S.W.3d 220, 222 (Tex. App.—Corpus Christi 2001, no pet. h.). Defendant violated the terms of his community supervision and the State filed a motion to revoke the defendant's supervision and to adjudicate the defendant's guilt. *See id.* At the conclusion of the hearing the trial court adjudicated the defendant and sentenced the defendant to fifteen years imprisonment. *See id.* The defendant then filed a "Motion to Reconsider" twenty days after the imposition of the sentence and a motion for new trial twenty seven days after the imposition of the sentence. *See id.* The trial court held a hearing on defendant's motions forty seven days after the imposition of the sentence. *See id.* The trial court signed an order granting the motion for new trial sixty two days after the imposition of the sentence and reinstated the defendant on deferred adjudication community supervision. *See id.* The defendant later violated the terms and conditions of the community supervision and the state filed a motion to revoke community supervision and adjudication of guilt. *See id.* At the conclusion of the hearing the trial court adjudicated the defendant's guilt and sentenced him to twenty years imprisonment. *See id.* at 223. The defendant then appealed the trial courts sentence claiming the trial court was without jurisdiction to grant the motion for new trial. *See id.*

The thirteenth court of appeals held the motion for new trial was timely filed. *See Pedraza,* 69 S.W.3d at 224. The Thirteenth Court of Appeals then found the trial court's authority was extended to seventy-five days after the imposition of sentence. *See id.* The Thirteenth Court of Appeals found the trial courts action of granting the motion for new trial and

resentencing the defendant to be a timely and permissible exercise of the trial court's discretion. *See id.* Therefore, the trial court retains plenary power to grant a new trial and resentence a defendant for seventy five days after the imposition of the initial sentence.

In the case at bar, Appellee was sentenced on the State's Motion to Revoke Probation on July 24, 2014. *See* Reporter's Record, vol. 2, p.1. Appellee filed a Motion for New Trial and Motion for Reconsideration or Reduction of Sentence on August 20, 2014. *See* Clerk's Record, pp. 112-117. Therefore, Appellee's motions were timely filed. As such, the plenary power of the trial court was extended to seventy five days after the commencement of the sentence. The trial court held a hearing a Appellee's motions and signed an order granting the motions on October 7, 2014. *See* Reporter's Record, vol. 3, p. 1 and Supplemental Clerk's Record, pp. 6-7. October 7, 2014 was the seventy fifth day after the date the sentence was imposed. Therefore, the trial court had plenary power to grant Appellee's Motion for New Trial and Motion for Reconsideration or Reduction of Sentence and Appellant's first point of appeal should be denied.

**ISSUE II:** **Whether Appellant waived any alleged error of the trial court by failing to preserve error in the trial court.**

Appellant failed to bring the trial court's attention the complaints it is making in its appeal. As a general rule, prior to presenting a complaint for appellate review the record must show the complaining party raised the issue in the trial court by a timely request, objection, or motion that: (1) states the grounds to the trial court with sufficient specificity to make the trial court aware of the complaint and (2) complies with the Texas Rules of Evidence or the Texas Rule of Procedure. *See* Tex. R. App. P. 33.1. Appellant argues for the first time on appeal

Appellee failed to present any evidence which would allow the trial court to grant Appellee's motions for new trial and reconsideration and reduction of sentence.

The Texas Court of Criminal Appeals has stated two general policies as to why a specific objection is required in the trial court. *See Martinez v. State,* 91 S.W.3d 331, 336 (Tex. Crim. App. 2002). First, a specific objection informs the trial court the reason for the objection and to provide the judge with an opportunity to rule on the objection. *See id.* Second, the complaint allows opposing counsel an opportunity to remove the objection or supply additional testimony. *See id.* As such, an appellate court may uphold the trial court's ruling on any legal theory or bases applicable to the case, but the trial court may not be reversed on any legal theory or basis which might be applicable that was not raised in the trial court. *See id.* The rule is one of appellate jurisprudence which holds issues not argued in the trial court are deemed to be waived. *See State v. Mercado,* 972 S.W.2d 75, 78 (Tex. Crim. App. 1998). The rule applies equally to the State and the defendant. *See id.; see also Martinez,* 91 S.W.3d at 336.

In the case at bar, at the hearing on the motion for new trial and motion to reconsider or reduction of sentence, Appellant focused its argument on its belief, Appellee showed signs of being a repeat offender for domestic violence and in its opinion Appellee is a risk to Ms. Lopez. *See* Reporter's Record, vol. 3, pp. 51-52. Appellant also argued it opposed Appellee being placed back on community supervision based on cases in Nueces County, which do not involve or relate to Appellee. *See* Reporter's Record, vol. 3, p. 52 lines 7-10. The State never mentioned or eluded to the fact Appellee's motion or the evidence presented to the trial court did not set out a legal basis for which the trial court could grant a new punishment hearing. As such, Appellant failed to raise the grounds in the trial court and has waived them for appellate purposes.

**ISSUE III:** Whether the State's appeal is moot because the trial court granted Appellee's motions, a new trial was held, Appellee was resentenced and a final judgment was entered prior to Appellant making any attempt to appeal the trial court's interlocutory ruling.

Appellant's appeal is moot because the trial court entered a final judgment prior to Appellant making any attempt to appeal the trial court's interlocutory ruling of granting the motion for new trial and motion for reconsideration or reduction of sentence. The State is entitled to appeal an order of the court which grants a motion for new trial. *See* TEX. CODE CRIM. PROC. art. 44.01(a)(3). The granting of a motion for new trial is not a final decision. *See United States v. Leal,* 781 F.2d 1108 (5th Cir.1986). As such, the state is entitled to a stay in the proceedings pending the disposition of the interlocutory appeal from an order granting a new trial. *See* TEX. CODE CRIM. PROC. Art. 44.01(e). However, an appeal from an interlocutory order will become moot when a final determination of a cause has been made. *See State v. Garza,* 774 S.W.2d 724, 727 (Tex. App.—Corpus Christi 1989, pet. ref'd.). Even when the new trial is held quickly the State still has the responsibility to appeal or seek appropriate relief before the new trial is held. *See id.* In the present case, Appellant failed to seek any relief or a stay in the proceedings prior to the trial court entering its final judgment.

The trial court granted Appellee's motions orally and in writing after hearing the evidence presented before it and the arguments of counsel. *See* Reporter's Record, vol. 3, p. 56, lines 8-13; *see also* Supplemental Clerk's Record, pp. 6-7. After the trial court granted the Appellee's motions there was a conversation off the record. *See id.* After the conversation the trial court placed Appellee on deferred adjudication community supervision for a period of three years. *See id.* Appellant did not seek to appeal the decision of the trial court at the hearing. *See id.* Further, Appellant did not seek a stay in the proceedings prior to the trial court entering a

final judgment. *See id.* Appellant never objected to the manner in which the trial court conducted the hearing and proceeded to enter a final judgment. *See id.* Therefore, Appellant failed waived any error as to how the trial court proceeded on the motion for new trial and motion for reconsideration and reduction in sentence.

The trial court hearing continued after the trial court granted Appellee's motions. *See* Reporter's Record, vol. 3, pp.61. After the trial court granted Appellee's motions and placed Appellee back on deferred adjudication the hearing continued as to the terms and conditions of the community supervision. *See* Reporter's Record, vol. 3, pp. 56-61. Appellant continued to participate in the hearing requesting the trial court to (1) not allow contact between Appellee and Ms. Lopez; (2) have Appellee wear a GPS monitor; (3) Appellee remain on the domestic violence case load; and (4) asked the court if it wishes to have Appellee start community supervision programs and classes again. *See id.* At no time during the discussion between the court, attorneys, Appellee and the probation officer did Appellant file a notice of appeal, seek a stay in order to file a notice of appeal or object to the manner in which the hearing was held. *See id.* Therefore, Appellant's appeal on the trial court's ruling granting Appellee's motions is moot.

**ISSUE IV:** **Whether Appellant preserved for review any alleged error of the trial court in granting Appellee's motion for new trial in the interest of justice in Appellant's brief.**

Appellant failed to preserve any alleged error of the trial court in granting Appellee's motion for new trial in the interest of justice in its brief. A brief must state all issues and points presented for review. *See* TEX. R. APP. P. 38.1(g). Texas Rule of Appellate Procedure 38.1(g) allows the appellant to present to the appellate court all issues he or she desires with little limitations. *See Garrett v. State,* 220 S.W.3d 926, 928 (Tex. Crim. App. 2007). The only

limitations on the issues presented to the appellate court in the initial brief are set only by that court's discretion and any valid restrictive statute. *See id.* citing *Rezac v. State,* 782 S.W.2d 869, 870 (Tex. Crim. App. 1990). As such, the appellant is the master of his, her or its destiny as to what issues the appellate court will address. *See Garett,* 220 S.W.3d at 929. The policy of the appellate rules is that all matters to be addressed by the court must be raised in the original brief. *See id.* citing *Rochelle v. State,* 791 S.W.2d 121, 125 (Tex. Crim. App. 1990). If the issue is not brought up in the original brief the issues is waived. *See Barrios v. State,* 27 S.W.3d 313, 322 (Tex. App.—Houston [1st Dist] 2000, pet. ref'd). Appellant failed to brief the issue as to weather the trial court abused its discretion in granting Appellee's Motion for New Trial in the interest of justice and waived the issue to be considered on appeal.

Appellee's Motion for New Trial requested the trial court to grant a new trial in the interest of justice. *See* Clerk's Record, p. 112. This is undisputed by Appellant. *See* State's Brief p. 7. However, Appellee's brief failed to address the issue as to whether the trial court abused its discretion in granting the motion for new trial in the interest of justice. Instead of addressing the issue Appellant incorrectly states the granting of a new trial in the interest of justice is not an independent legal claim. *See* State's Brief p. 8. Appellant sites *State v. Herndon* for that proposition. However, *Herndon v. State,* specifically states for more than one hundred and twenty years the trial judges have the discretion to grant new trials in the interest of justice. *See State v, Herndon,* 215 S.W.3d 901, 906 (Tex. Crim. App.2007). The trial judge's granting of a new trial in the interest of justice is reviewed only for an abuse of discretion. *See id.* The evidence presented to the trial court at the motion for new trial focused on the trial court granting the new trial in the interest of justice. At no time in the hearing did counsel for Appellee argue the verdict was contrary to the law and the evidence. Therefore, Appellant failed to preserve any

argument the trial court abused its authority in granting Appellee's motion for new trial in the interest of justice.

**ISSUE V:** **Whether the trial court abused its discretion in granting Appellee's motion for new trial and motion for reconsideration in the interest of justice.**

Appellant mistakenly argues the trial court abused its discretion in granting Appellee's Motion for New Trial and Motion for Reconsideration or Reduction of Sentence. Further, Appellant mistakenly argues the Appellee's sole cognizable ground for the granting of the new trial was the sufficiency of the evidence.

Texas Rule of Appellate Procedure 21.3 sets out the grounds when the trial court must grant a motion for new trial. *See* TEX. R. APP. P. 21.3. However, the list in Rule 21.3 is illustrative and not exclusive. *See State v. Herndon,* 215 S.W.3d 901, 907 (Tex. Crim. App. 2007). The trial court may always grant a new trial in the interest of justice. *See id.* at 906; *see also State v. Gonzalez,* 855 S.W.2d 692 (Tex. Crim. App. 1993)(en banc)(holding trial court did not abuse discretion in granting new trial in the interest of justice to present witnesses which were not presented at the time of sentencing to testify on behalf of defendant).

Trial courts have had the power to grant a new trial in the interest of justice for over one hundred and twenty years. *See Gonzalez,* 855 S.W.2d at 694. The District Court's discretion in granting a new trial is almost the only protection a citizen has against "illegal or oppressive verdicts of prejudiced, careless, or ignorant juries." *See id.* citing *Mullins v. State,* 37 Tex. 337, 339-340 (1872-73). The trial court should not hesitate to use its discretion when the ends of justice have not been attained by those verdicts. *See id.*

The trial court's granting of a motion for new trial is reviewed for an abuse of discretion. *See Herndon,* 215 S.W.3d at 906. However, the trial court's discretion to grant a motion for

new trial is not unbounded or unfettered. *See id.* The trial court cannot grant a new trial on sympathy, an inarticulate hunch, or because the trial court believes the defendant is innocent or received a bad deal. *See id.* The trial court abuses its discretion when it acts without reference to any guiding rules or principles, and the mere fact the trial court decides a matter within its discretionary authority different then the appellate court does not demonstrate an abuse of discretion. *See id.* at 907-908.

The Texas Court of Criminal Appeals has not set out a bright line rule concerning appellate review of the trial court's granting of a new trial. *See Herndon,* 215 S.W.3d at 909. However, the trial court does not abuse its discretion in granting a new trial if the defendant (1) articulated a valid legal claim in the motion for new trial; (2) produced evidence or pointed to evidence in the trial record which substantiates the claim; and (3) shows prejudice to his substantial rights under the standards of Texas Rule of Appellate Procedure 44.2. *See id.* However, the trial court may grant a new trial even if the defendant did not establish reversible error as a matter of law. *See id.* A trial court may grant a new trial when the error would not require reversal if the trial court concludes the proceeding resulted in a "miscarriage of justice."

Appellee requested the trial court to grant a new trial because it was contrary to the law and the evidence and in the interest of justice. *See Clerk's Record* p. 112. In the Motion for Reconsideration or Reduction of Sentence Appellee requested the trial court to reduce Appellee's sentence because the sentence creates a hardship and burden on Appellee's family, that Appellee will comply with all terms and conditions of community supervision and that society will adequately be protected if Appellee's community supervision is reinstated. *See* Clerk's Record, p. 116. Appellant never objected or took issue with the reasons set forth in Appellee's motions. As such, Appellant waived this ground of review for failing to object in the trial court. In the

event, this court, finds Appellant did not waive the issue by failing to object, the Motion for New Trial articulated a valid legal claim by requesting a new trial in the interest of justice and thus satisfying the first prong of the three prong test in *Herndon.*

At the hearing on the motion for new trial Appellee presented evidence that a new trial should be granted in the interest of justice. Appellee did not present evidence in the trial court at the motion for new trial that the verdict is contrary to the law and the evidence. As such, Appellee sought the trial court to grant the motion for new trial in the interest of justice.

At the motion for new trial Appellee called Michelle Gomez to testify about Appellee's living situation, his employment, the number of children Appellee has and the effect being incarcerated has had on Appellee. *See* Reporter's Record, vol. 3, pp. 6-18. As such, Ms. Gomez presented new evidence to the trial court which was not presented at the initial hearing on Appellee's Motion to Revoke Probation. It should also be noted, Ms. Gomez did not testify at Appellee's prior Motion to Revoke Hearing. *See* Reporter's Record, vol. 2, p.3 (only witnesses called to testify were Amy Rodriguez, Kezia Lopez and Jared Gomez). The testimony provided by Ms. Gomez was not controverted by Appellant at the trial court level. *See* Reporter's Record vol. 3, 6-18 (Appellant cross examined the witness on the terms of community supervision and underlying charges.)

Appellee called Kezia Lopez to testify after Ms. Gomez. *See* Reporter's Record vol. 3, p. 18, line 19. At the hearing on the motion to revoke probation held on July 24, 2014 Ms. Lopez testified she feared Appellee. *See* Reporter's Record, vol. 2, p. 24, lines 22-23. Ms. Lopez went on to testify Appellee does not care who he hurts and implied he had hurt her. *See* Reporter's Record, vol. 2, p. 25, lines 1-2. However, at the hearing on Appellee's motion for new trial, Ms. Lopez testified Appellee did not hurt her physically and that he was only rude to her on the

phone. *See* Reporter's Record, vol. 3, p. 20, lines 16-17. Ms. Lopez further testified she wished to have contact with Appellee and that he should be on probation. *See* Reporter's Record, vol. 3, p. 21, lines 16-22. Therefore, Ms. Lopez materially changed her testimony in the hearing for the motion for new trial. As such, Appellee produced evidence substantiating his claim for a new trial in the interest of justice satisfying the second prong of the three prong test set out in *Herndon.*

The third prong of the *Herndon* test requires Appellee to show prejudice to his substantial rights under the standards of Texas Rule of Appellate Procedure 44.2. The trial court does not abuse its discretion in granting a new trial in the interest of justice to present a witness who was not presented at the time of sentencing to testify on behalf of the defendant. *See State v. Gonzalez,* 855 S.W.2d 692 (Tex. Crim. App. 1993)(en banc). As stated above, Ms. Gomez did not testify at the Motion to Revoke hearing held on July 24, 2014. The testimony provided by Ms. Gomez was material in that it addressed Appellant's living situations, his employment and his family situation. All three issues are very import in determining the proper punishment of an individual. Further, the material correction of Ms. Lopez testimony shows Appellee substantial rights where prejudiced. Therefore, the trial court did not abuse its discretion in granting the motion for new trial and placing Appellee back on deferred adjudication.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED,** Appellee respectfully prays that this Honorable Court affirms the trial court's ruling granting a Appellee's Motion for New Trial and Appellee's Motion for Reconsideration or Reduction of sentence and for such other relief the Court finds appropriate.

Respectfully Submitted,


/s/ *Ira Z. Miller*

_____

Ira Z. Miller
State Bar No.: 24051051
545 N. Upper Broadway, Suite 114
Corpus Christi, Texas 78401
Telephone: (361) 882-7788
Facsimile: (361) 882-7799

## CERTIFICATE OF COMPLIANCE

This is to certify the Appellee's Brief has 5,993 words, based on the word count of the computer program used to prepare this document. Pursuant to TEX. R. APP. P. 9.4(i)(1) the caption, identity of parties and counsel, statement regarding oral argument, table of contents, index of authorities, statement of the case, statement of issues presented, statement of jurisdiction, statement of procedural history, signature, proof of service, certification, and certificate of service are excluded from the word count.

*/s/ Ira Z. Miller*

_____
Ira Miller

## CERTIFICATE OF SERVICE

This is to certify that on July 17, 2015, a true and correct copy of the above and foregoing document was served on the District Attorney's Office, Nueces County, 901 Leopard, Room 206, Corpus Christi, Texas 78401 by hand delivery.

*/s/ Ira Z. Miller*

_____
Ira Miller