# NO. 12-22-00050-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *WALTER CHARLES LINK,*<br>*APPELLANT* | § | *APPEAL FROM THE 7TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | § | *SMITH COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Walter Charles Link appeals his fifty-year sentence following his conviction for possession of between 200 and 400 grams of methamphetamine. In one issue, Appellant argues that the evidence is legally insufficient to support the second enhancement allegation and, as a result, the trial court considered the incorrect range of punishment in determining his sentence. We affirm.

## BACKGROUND

Appellant was charged by indictment with possession of between 200 and 400 grams of methamphetamine. The indictment further alleged that Appellant used or exhibited a deadly weapon during the commission of or immediate flight from the offense. Further still, the indictment alleged that Appellant previously was convicted of aggravated robbery. Later, the State filed a **Brooks**[1] notice, in which it set forth its intent to seek higher punishment based on another prior felony conviction in North Carolina for possession of cocaine. Appellant pleaded

---

[1] *See* **Brooks v. State**, 957 S.W.2d 30 (Tex. Crim. App. 1997).

"guilty" as charged and pleaded "true" to the deadly weapon allegation as well as the first enhancement for aggravated robbery.[2]

At Appellant's bench trial on punishment, the trial court admonished Appellant that he faced a sentencing range of imprisonment for twenty-five years to ninety-nine years, or life. Following the presentation of evidence and argument of counsel, the trial court found the enhancement for aggravated robbery and the deadly weapon allegation each to be "true" but made no finding on the enhancement contained in the ***Brooks*** notice.[3] Thereafter, the trial court sentenced Appellant to imprisonment for fifty years, and this appeal followed.

### EVIDENTIARY SUFFICIENCY OF ENHANCEMENT - INCORRECT RANGE OF PUNISHMENT

In his sole issue, Appellant argues that there is insufficient evidence of the second enhancement allegation that he previously was convicted in North Carolina for the felony of possession of cocaine, and, as a result, the trial court considered the incorrect range of punishment in determining his sentence. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.115(e) (West Supp. 2022); *compare* TEX. PENAL CODE ANN. § 12.42(c)(1) (West 2019) (range of punishment for first degree felony with one prior felony conviction is imprisonment for 15 years to 99 years, or life) *with* TEX. PENAL CODE ANN. § 12.42(d) (West 2019) (range of punishment for first degree felony with two prior felony convictions is imprisonment 25 years to 99 years, or life). In its brief, the State acknowledges that there is no evidence in the record to support Appellant's prior conviction for possession of cocaine[4] as alleged in its ***Brooks*** notice and, as a result, the correct range of punishment the trial court should have considered is imprisonment for

---

[2] Appellant entered an "open" plea of "guilty" without a plea agreement with the State.

[3] In the judgment, in the field pertaining to finding on the "Second Enhancement," there is a notation of "N/A."

[4] The presentence investigation report contains a "TCIC-NCIC" criminal history report, which references the conviction that is the subject of the ***Brooks*** notice. It references a similar cause number, describes the offense generally as possession of a controlled substance, and describes the disposition as "GP 3/21/05: 36 months Probation; Probation Revoked 10/10/05: 6 months NCDC." We note that a criminal history report has been held to contain sufficient proof of a prior conviction for enhancement purposes. *See, e.g.*, ***Jackson v. State***, 474 S.W.3d 755, 757–58 (Tex. App.–Houston [14th Dist.] 2014, pet. ref'd). However, because the second enhancement allegation in this case relates to an out-of-state conviction, the information provided in this criminal history report, without more, is not sufficient to support the enhancement allegation beyond a reasonable doubt. *See* TEX. PENAL CODE ANN. §§ 12.41(1) (West 2019), 12.42(d) (West 2019); *cf., e.g.*, ***Gibbs v. State***, No. 04-18-00002-CR, 2019 WL 7196608, at *6 (Tex. App.–San Antonio Dec. 27, 2019, no pet.) (mem. op., not designated for publication) (observing that out-of-state conviction shall be treated as third-degree felony if imprisonment in a penitentiary "is affixed to the offense as a possible punishment").

2

fifteen to ninety-nine years or life.  *See* TEX. HEALTH & SAFETY CODE ANN. § 481.115(e); TEX. PENAL CODE ANN. 12.42(c)(1).

**Discussion**

As the State further acknowledges in its brief, the court of criminal appeals held that when there is insufficient proof to support an enhancement allegation which results in the factfinder's consideration of the incorrect range of punishment in making its sentencing determination, absent discrete, objective facts decided by the factfinder in assessing punishment, there is no way to quantify what impact the unsupported enhancement allegation had on the factfinder's normative sentencing function.  *See **Jordan v. State***, 256 S.W.3d 286, 293 (Tex. Crim. App. 2008) (jury improperly considered enhanced range of punishment with minimum sentence of twenty-five years; however, because evidence was insufficient to support correct sequencing of prior convictions, evidence only supported minimum sentence of fifteen years). Thus, any attempt to calculate how the factfinder exercised this normative function in assessing Appellant's punishment necessarily would entail pure speculation.  *See **id.***  As a result, under such circumstances, the State's failure to meet its burden of proof, even if subjected to a harm analysis, never can be deemed harmless.  *See **id.***; ***Conley v. State***, No. 12-21-00109-CR, 2022 WL 3012441, at *2 (Tex. App.–Tyler July 29, 2022, pet. filed) (mem. op., not designated for publication).

However, the State argues that Appellant invited the error of which he now complains. The law of invited error estops a party from making an appellate error of an action he induced. ***Prytash v. State***, 3 S.W.3d 522, 531 (Tex. Crim. App. 1999); ***Pedraza v. State***, 69 S.W.3d 220, 224 (Tex. App.–Corpus Christi 2001, no pet.).  This rule applies regardless of whether the error is perceived to be fundamental. *See **Franks v. State***, 90 S.W.3d 771, 781 (Tex. App.–Fort Worth 2002, no pet.); *see also **Cadd v. State***, 587 S.W.2d 736, 741 (Tex. Crim. App. 1979) (op. on reh'g).

In support of its contention that we should apply the invited error doctrine to the case at hand, the State cites the court of appeals' decision in ***Harrison v. State***, No. 10-07-00253-CR, 2009 WL 1579002 (Tex. App.–Waco June 3, 2009, pet. ref'd) (mem. op., not designated for publication).  There, the appellant argued, in pertinent part, that the trial court assessed his sentence while relying on an incorrect range of punishment.  *See **id.*** at *2.  In considering

whether the appellant was estopped from making such an argument under the invited error doctrine, the court of appeals recounted the following historical facts:

> At the sentencing hearing, Harrison's counsel was the first to suggest that the applicable punishment range was imprisonment for fifteen to ninety-nine years or life. After a discussion in which Harrison's counsel, the State, and the trial court concluded that the second enhancement paragraph was inapplicable, Harrison's counsel stated, "Fifteen year minimum instead of twenty-five." The trial court then asked Harrison's counsel, "Minimum fifteen to life or ninety-nine?" Harrison's counsel replied, "Yes, sir."

*Id.* The court of appeals held that, based on this exchange, the appellant was estopped from complaining on appeal that the trial court committed fundamental error by basing its punishment assessment on an incorrect punishment range. *See id.*

In the instant case, Appellant argues that he is entitled to a new trial on punishment because the State failed to prove the second enhancement allegation, which resulted in the trial court's relying on the incorrect range of punishment in assessing his sentence. However, Appellant did not apprise the trial court of the error after it became apparent that the State failed to offer sufficient proof of the second enhancement allegation or when the trial court reiterated the incorrect range of punishment after the close of evidence.[5] He also perpetuated the error in his closing argument by stating to the trial court that he was "facing 25-to-life" and asking the court to "sentence him to the 25 years" when the minimum term of imprisonment Appellant faced, based upon the evidence and the law, was fifteen years.

Based on our review of the record, we agree that Appellant actively perpetuated and reinforced the trial court's consideration of the incorrect range of punishment of which he now complains on appeal. As a result, we hold that Appellant is estopped from raising his sole issue on appeal complaining of error he perpetuated at trial. *See Prytash*, 3 S.W.3d at 531; *Harrison*, 2009 WL 1579002, at *2. Appellant's sole issue is overruled.

---

[5] We also note that the trial court never sought to take Appellant's plea on the *Brooks* notice enhancement allegation, and Appellant never objected to the trial court's failure to do so. *See Marshall v. State*, 185 S.W.3d 899, 903 (Tex. Crim. App. 2006)) (explaining that defendant must object when he has "notice that the proceedings may have gone amiss," and he has this notice when he learns that the State is seeking a higher penalty despite the enhancement allegations not being read); *Mendez v. State*, 212 S.W.3d 382, 388 (Tex. App.–Austin 2006, pet. ref'd) (holding that defendant's "objection at any point during the penalty stage [was] sufficient to preserve the error" of not reading the enhancement allegations and taking his plea).

**DISPOSITION**

Having overruled Appellant's sole issue, we *affirm* the trial court's judgment.

**BRIAN HOYLE**
Justice

Opinion delivered October 31, 2022.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**OCTOBER 31, 2022**

**NO. 12-22-00050-CR**

**WALTER CHARLES LINK,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 7th District Court

of Smith County, Texas (Tr.Ct.No. 007-1475-20)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

Brian Hoyle, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*