

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

---

No. 07-24-00158-CR

---

KYLE RAMIREZ, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

---

On Appeal from the 100th District Court
Collingsworth County, Texas
Trial Court No. 3094, Honorable Dale A. Rabe, Jr., Presiding

---

January 23, 2025

## MEMORANDUM OPINION

Before PARKER and DOSS and YARBROUGH, JJ.

Appellant, Kyle Ramirez, appeals from the trial court's judgment adjudicating guilt and convicting him of sexually assaulting M.P., a child under the age of seventeen years old.[1]  In 2021, Appellant was indicted.  In February 2022, he pleaded guilty; pursuant to the terms of a plea bargain, Appellant received five years of deferred adjudication

---

[1] *See* TEX. PENAL CODE ANN. § 22.011(a)(2), (f) (a second-degree felony).

community supervision with conditions.  In February 2023, the State filed its petition to adjudicate guilt alleging eight grounds for revocation.

Appellant pleaded "true" to the State's allegations that he failed to:  (1) abstain from the use or consumption of alcoholic beverages or controlled substances; (2) report to his Community Supervision Officer each month; (3) follow additional conditions imposed when a person transfers to another jurisdiction inside Texas; (4) failed to pay court-ordered fees as directed; (5) complete community service as directed; (6) submit to drug/alcohol testing and participate in and successfully complete related services; (7) submit to a sex offender evaluation, and successfully complete psychological treatment and counseling for sex offenders; and (8) pay a monthly sex offender fee.[2]  The trial court sentenced him to fifteen years of confinement.[3]

Appellant timely brought this appeal.  His court-appointed appellate counsel filed an *Anders* brief in support of a motion to withdraw.  *See Anders v. California*, 386 U.S. 738, 744-45, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967).  We grant counsel's motion to withdraw and affirm the judgment of the trial court.

Appellant's counsel has certified that after diligently searching the record, he has conducted a conscientious examination of the record and, in his opinion, the record

---

[2] Numbers 2, 7, 8, 11, 13, 18, 23, and 35 of the conditions were imposed by the trial court's February 2022 order imposing conditions of community supervision.

[3] The trial court first adjudicated Appellant guilty in August 2023.  However, days later, the trial court granted Appellant's timely-filed motion for new trial and motion in arrest of judgment undoing the conviction. *Pedraza v. State*, 69 S.W.3d 220, 223 (Tex. App.—Corpus Christi 2001, no pet.) ("A defendant placed on deferred adjudication community supervision may file a motion for new trial after the revocation of his deferred adjudication community supervision, and if a new trial is granted the conviction itself will be undone.").  During a hearing on April 2024, Appellant pleaded "true" to the State's allegations one through eight and was adjudicated guilty.

reflects no reversible error upon which an appeal can be predicated. *See Anders*, 386 U.S. at 744-45; *In re Schulman*, 252 S.W.3d 403, 406 (Tex. Crim. App. 2008). Appellant's counsel provided him with a copy of his *Anders brief*, motion to withdraw, and appellate record. He also notified Appellant of his right to file a pro se response in addition to informing him of his right to file a pro se petition for discretionary review. *See In re Schulman*, 252 S.W.3d at 408. By letter dated September 27, 2024, this Court also advised Appellant of his right to file a pro se response to counsel's *Anders* brief and granted Appellant until October 28, 2024, to file such a response. To date, Appellant has not filed a response.

We have carefully reviewed counsel's *Anders* brief and conducted an independent review of the record to determine whether there are any nonfrivolous issues that were preserved in the trial court which might support an appeal. Like counsel, we conclude there are no plausible grounds for appellate review. *See Penson v. Ohio*, 488 U.S. 75, 80, 109 S. Ct. 346, 102 L. Ed. 2d 300 (1988); *In re Schulman*, 252 S.W.3d at 409; *Gainous v. State*, 436 S.W.2d 137, 138 (Tex. Crim. App. 1969). Therefore, we grant counsel's motion to withdraw and affirm the trial court's judgment.[4]

---

[4] Counsel shall, within five days after this opinion is handed down, send Appellant a copy of the opinion and judgment, along with notification of Appellant's right to file a pro se petition for discretionary review. *See* TEX. R. APP. P. 48.4. This duty is an informational one. It is ministerial in nature, does not involve legal advice, and exists after this Court grants counsel's motion to withdraw. *In re Schulman*, 252 S.W.3d at 411 n.33.

**Conclusion**

The trial court's judgment is affirmed.

Lawrence M. Doss
Justice

Do not publish.