The STATE of Texas, Appellant,

v.

Emilio GARZA, Appellee.

No. 13–89–066–CR.

Court of Appeals of Texas,
Corpus Christi.

June 29, 1989.

Rehearing Denied Aug. 31, 1989.

Ben Euresti, Jr., County Criminal Dist. Atty., Brownsville, for appellant.

Abel Toscano, Jr., Harlingen, for appellee.

Before NYE, C.J., and SEERDEN and BENAVIDES, JJ.

## OPINION

NYE, Chief Justice.

The State appeals from an order granting the defendant's motion for mistrial which was made after the jury returned a guilty verdict. We dismiss the appeal as moot.

To fully understand the State's appeal, we summarize the pertinent events. The defendant was indicted for possessing cocaine. A jury found him guilty in November 1988. At this time, the trial court ordered a presentence investigation and scheduled the punishment hearing for January 6, 1989. On January 5, 1989, the parties appeared in court. The record shows that sometime before this hearing, the defendant informed the court that one of the jurors he had struck from the jury panel had erroneously served on the jury. The defendant asked the trial court to set aside the verdict. The State sought an opportunity to review the matter.

At this January 5 hearing, the defendant's counsel explained that he first became aware of the problem after the jury returned its verdict. He then requested a mistrial. The defendant voiced no other reason for this request. The State on the other hand argued that the defendant had waived his right to complain by failing to object before the jury was sworn. The court nevertheless granted appellant's oral motion for mistrial.

On January 11, the State filed a motion with the trial court to reconsider its ruling. On January 27, the court held a hearing on the State's motion. The State declared that it did not understand why the motion for mistrial was granted and objected to the new trial, believing that it would violate the defendant's jeopardy rights. The trial court stated jeopardy was not a problem since the new trial was with the defendant's consent. The trial court further stated that the mistrial was "granted on the basis of fairness from this Court ... the defendant had struck a juror and the juror was allowed to remain." The court denied the State's motion for reconsideration.

The court took a recess, and the defendant then asked to plead to the indictment. It is important to note that there were no objections from the State at this time. The defendant pled guilty. The trial court admonished the defendant and accepted the plea of guilty. At this point, the trial court asked the State to present its evidence.

The State refused, saying that presenting evidence would subject the defendant to double jeopardy. Because the State offered no evidence, the defendant then made a motion for entry of a "not guilty" verdict, which the trial court granted.

The trial court reduced his oral finding of "not guilty" to a written judgment of acquittal on February 1, 1989. On February 6, the State filed its notice of appeal from what the State mischaracterizes as the "Order arresting and vacating a verdict of Guilty."

■ The defendant contends that this Court lacks jurisdiction to consider the appeal because the State's notice of appeal was untimely. The oral order granting the mistrial was entered on January 5; the State's notice of appeal was not filed until February 6. The defendant contends that the notice of appeal should have been filed within fifteen days of the oral order. Tex. Code Crim.Proc.Ann. art. 44.01(d) (Vernon Supp.1989) states:

> The prosecuting attorney may not make an appeal under Subsection (a) or (b) of this article later than the 15th day after the date on which the order, ruling, or sentence to be appealed is entered by the court.

Article 44.01(d) is similar to its federal counterpart, 18 U.S.C.A. § 3731 (West Supp.1989). In federal practice, an oral ruling can trigger the time for filing a notice of appeal. *See United States v. Flores,* 538 F.2d 939 (2nd Cir.1976). However, if the government files a motion for reconsideration, the time for appeal runs from the date on which the motion to reconsider is denied, not from the date on which the original ruling was made. *United States v. Shaffer,* 789 F.2d 682 (9th Cir.1986); *Virgin Islands v. Lee,* 775 F.2d 514 (3rd Cir.1985); *Nilson Van & Storage Co. v. Marsh,* 755 F.2d 362 (4th Cir.1985); *United States v. Cardall,* 773 F.2d 1128 (10th Cir.1985); *United States v. Milan–Rodriguez,* 759 F.2d 1558 (11th Cir.1985); *United States v. Santia–Manriquez,* 609 F.2d 1162 (5th Cir.1980). The State's notice of appeal was filed within fifteen days of the trial court's denial of the motion for reconsideration.

■ The fact, however, that the State filed a notice of appeal within fifteen days of the trial court's action does not necessarily mean the trial court's order is appealable under State law. The Code of Criminal Procedure provides that the State is entitled to appeal if an order arrests or modifies a judgment or grants a new trial. Tex.Code Crim.Proc.Ann. art. 44.01(a)(2) & (a)(3) (Vernon Supp.1989). The statute provides no authority for the State to appeal the granting of a "motion for mistrial." Although a motion for mistrial and a motion for new trial are generally not the same, 57 Tex.Jur.2d Trial § 386, we find that a post-verdict mistrial ruling which returns the case to the posture in which it had been before trial is functionally indistinguishable from an order granting a new trial. In fact, Tex.R.App.P. 30 defines a "new trial" as:

> "the rehearing of a criminal action after a finding or verdict of guilt has been set aside upon motion of an accused."

Thus, the trial court's order, in substance, was one granting a new trial.

■ In *State v. Westergren,* 707 S.W.2d 260 (Tex.App.—Corpus Christi 1986, orig. proceeding), we held that a trial judge had the power and authority to render a judgment of acquittal after the jury returned a guilty verdict. At that time, we noted that such a judicial decision was effectively unreviewable in Texas because the State had no right to appeal. *Westergren,* 707 S.W.2d at 262. Since that decision, the legislature has authorized the State to appeal under limited circumstances. If a State wishes to empower its prosecutors to pursue a criminal appeal under certain conditions, it is free so to provide, limited only by the guarantees afforded the criminal defendant under the Constitution. *Arizona v. Maypenny,* 451 U.S. 232, 101 S.Ct. 1657, 1668, 68 L.Ed.2d 58 (1981). We conclude that the legislature's grant of appellate power to the State allows the State to appeal from the granting of the motion for mistrial. *See United States v. Harshaw,*

705 F.2d 317 (8th Cir.1983) (government appeal from mistrial order).[1]

 While it may be true that the State had a right to appeal the trial court's order, we find that the matter is nevertheless moot because the trial court proceeded with the defendant's case, a new trial was held, and a final judgment was entered in this case before the State made any effort to appeal the trial court's interlocutory ruling. When the trial court ruled on the defendant's behalf, the State did not give notice of appeal. The State did not request a stay of proceedings pending appeal. The State did not seek a writ of mandamus or prohibition to stay the proceedings nor did the State object to proceeding to the new trial except on jeopardy grounds.[2] *See United States v. Gatto,* 763 F.2d 1040 (9th Cir.1985).

 Where a final determination of a cause has been made, an appeal from a prior interlocutory order is moot and will be dismissed. *See Bryant v. Barnes,* 438 S.W.2d 435 (Tex.Civ.App.—Waco 1968, no writ) (temporary injunction); *Slaughter v. Carter,* 410 S.W.2d 496 (Tex.Civ.App.—Waco 1966, no writ) (plea of privilege); *Ex parte Morgan,* 335 S.W.2d 766 (Tex.Crim. App.1960) (bail pending trial). It is axiomatic that a cause becomes moot when the appellate court's judgment cannot have any practical legal effect upon a controversy. *Las Palmas Plaza, Inc. v. City of Port Isabel,* 665 S.W.2d 855 (Tex.App.—Corpus Christi 1984, no writ). While the State prays that we overrule the trial court's judgment of acquittal, the State did not appeal from that judgment. The State presented no argument to explain why that judgment, arising from a final determination of the new trial, would be void, except as a fruit of the trial court's improper interlocutory order. The interlocutory order was not appealed before the judgment of acquittal was entered.[3]

Although the new trial obviously proceeded with haste, the State had the responsibility to appeal or seek appropriate relief before the new trial was held. *Cf. Dowda v. Hayman,* 221 S.W.2d 1016 (Tex. Civ.App.—Fort Worth 1949, writ ref'd) (adverse ruling on plea of privilege waived where defendant waited until final judgment on merits to appeal ruling); *United States v. Leal,* 781 F.2d 1108 (5th Cir.1986)

1. The ability of the State to appeal an order granting a new trial is relatively new to our jurisprudence. Tex.Code Crim.Proc.Ann. art. 44.01 (Vernon Supp.1989) (effective November 3, 1987). Article 44.01 is based on the federal statute giving the government the right to appeal. Few cases, however, concern the government's right to appeal the granting of a motion for new trial, as the government has only been afforded that right, except in exceptional circumstances, since late 1984. *See United States v. Logan,* 861 F.2d 859 (5th Cir.1988), and cases cited therein at page 863, fn. 2. The extent to which the government's right to appeal infringes upon the trial court's broad discretion to grant a new trial was the focus of Judge Brown's dissenting opinion.
*See Logan,* 861 F.2d at 866–868 (Brown, J., Dissenting). The majority in *Logan* followed the Eleventh Circuit's decision in *United States v. Martinez,* 763 F.2d 1297, 1312 (11th Cir.1985), by utilizing an "abuse of discretion" standard. *Logan,* 861 F.2d at 863.
Tex.R.App.P. 30 provides the reasons that a defendant may seek a new trial. The predecessor to this Rule, Tex.Code Crim.Proc.Ann. art. 40.03, provided that new trials could be granted for the reasons listed "and for no other." *See Jiminez v. State,* 727 S.W.2d 327 (Tex.App.—Houston [1st Dist.] 1987, no pet.) (trial court

may refuse hearing on motion for new trial where only point raised is effective assistance of counsel). Whether this means that a trial court abuses its discretion when granting a motion for new trial on effective assistance grounds, or other grounds not specified in Rule 30, is a question not yet answered. I have always been of the opinion that there is no greater power than that of a trial court in granting a new trial unless the court grants the same for a stated incorrect reason. *See Allan v. Materials Transportation Company,* 372 S.W.2d 744, 747 (Tex. Civ.App.—Corpus Christi 1963, no writ).

2. The State's objection that a new trial would have violated the defendant's jeopardy rights was tantamount to a frivolous objection. It is well established that where the defendant requests a mistrial, jeopardy is not a bar to a new trial unless prosecutorial misconduct has goaded the request. *Zimmerman v. State,* 750 S.W.2d 194 (Tex.Crim.App.1988); *Tenery v. State,* 680 S.W.2d 629 (Tex.App.—Corpus Christi 1984, pet. ref'd). The trial court was presented no other reason for not proceeding with the new trial.

3. In light of *Ex parte Martin,* 747 S.W.2d 789 (Tex.Crim.App.1988), the propriety of an acquittal on a plea of guilty is highly questionable.

**728**

(appeal from granting new trial motion after acquittal).[4]

We find that the State's attempted appeal from the trial court's new trial order is moot. The appeal is dismissed.

---

**4.** *Leal* apparently was addressed in light of the law before the government was allowed to ap-

peal an interlocutory order granting a new trial.