30 F.3d 142
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Larry Vaughn COWAN, Defendant-Appellant.
 No. 94-5027.
 United States Court of Appeals, Tenth Circuit.
 July 21, 1994.
 
 ORDER AND JUDGMENT[1]
 Before MOORE, ANDERSON and KELLY, Circuit Judges.[2]
 
 
 1
 Mr. Cowan was convicted of conspiracy to distribute marijuana in excess of one-hundred kilograms, 21 U.S.C. 846, 841(a)(1), 841(b)(1)(B)(vii), and now appeals from the district court's denial of his motion for new trial in the interest of justice. See Fed.R.Crim.P. 33. He contends that the district court erred by (1) admitting a paper containing the terms "buds" and "shakes" which was found on his person, and (2) failing to take judicial notice of the meaning of "shake" in relation to cockfighting. The government contended that the paper was a record of the marijuana in his possession.
 
 
 2
 We review a district court's decision on a new trial motion based upon claimed evidentiary error for an abuse of discretion. United States v. Muldrow, 19 F.3d 1332, 1339 (10th Cir.1994); United States v. Leal, 781 F.2d 1108, 1111 (5th Cir.), cert. denied, 479 U.S. 831 (1986). Mr. Cowan testified concerning the meaning of the terms in relation to marijuana,[3] but maintained that "shake" on the paper referred to cockfighting terminology for a large chicken. IV R. doc. 15-19, 23-24. The evidence was properly admitted over Mr. Cowan's relevancy objection because it made it more probable that Mr. Cowan was knowingly involved in marijuana distribution, after being arrested with sixteen bales of marijuana. See Fed.R.Evid. 401. Although relevant evidence may be excluded by the danger of unfair prejudice, Fed.R.Evid. 403, because evidence has multiple inferences does not automatically result in unfair prejudice. See United States v. Haar, 931 F.2d 1368, 1374 (10th Cir.1991) (admission of chemical catalog in manufacture of methamphetamine prosecution). Sufficient evidence was introduced for the jury to choose between the meanings suggested by Mr. Cowan. For this same reason, because the term "shake" was subject to reasonable dispute, the district court did not abuse its discretion in declining to take judicial notice of an unabridged dictionary definition of "shakebag" or "shackbag." See Fed.R.Evid. 201(b) (judicially noticed fact "must be one not subject to reasonable dispute"); I R. doc. 44 (Oxford English Dictionary definitions).
 
 
 3
 AFFIRMED.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order. 151 F.R.D. 470 (10th Cir.1993)
 
 
 [2]
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The cause therefore is ordered submitted without oral argument
 
 
 [3]
 Mr. Cowan testified that buds were the tops of marijuana plants; shakes were particles from the leaves. See United States v. Binkley, 903 F.2d 1130, 1131 (7th Cir.1990)