

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-18-00159-CR

DEMETRIUS TROYILL SMITH, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 6th District Court
Lamar County, Texas
Trial Court No. 27572

Before Morriss, C.J., Burgess and Stevens, JJ.
Memorandum Opinion by Justice Stevens

MEMORANDUM OPINION

Demetrius Troyill Smith was convicted by a jury of aggravated robbery, and after his punishment range was enhanced as a habitual offender, Smith was sentenced to sixty years' imprisonment. In his sole point of error on appeal, Smith contends that the trial court erred in including a deadly weapon finding in the judgment. Smith requests that this Court modify the trial court's judgment by deleting the deadly weapon finding.[1] After Smith filed his brief, the State submitted a nunc pro tunc judgment to the trial court to correct the error. We have received a supplemental clerk's record containing the trial court's nunc pro tunc judgment deleting the deadly weapon finding from the judgment.

Appellate courts may not decide moot controversies. *See Ex parte Flores*, 130 S.W.3d 100, 104–05 (Tex. App.—El Paso 2003, pet. ref'd). "This prohibition is rooted in the separation of powers doctrine in the Texas and United States Constitutions that prohibits courts from rendering advisory opinions." *Nat'l Collegiate Athletic Ass'n v. Jones*, 1 S.W.3d 83, 86 (Tex. 1999). "A case becomes moot on appeal when the judgment of the appellate court can no longer have an effect on an existing controversy or cannot affect the rights of the parties." *Jack v. State*, 149 S.W.3d 119, 123 n.10 (Tex. Crim. App. 2004) (per curiam) (citing *VE Corp. v. Ernst & Young*, 860 S.W.2d 83, 84 (Tex. 1993) (per curiam)); *State v. Garza*, 774 S.W.2d 724, 727 (Tex. App.—Corpus Christi 1989, pet. ref'd).

---

[1] Smith contends that, because (1) use of a deadly weapon was not specifically pleaded in the indictment, (2) the weapon pleaded in the indictment (hand/fist) was not a deadly weapon per se, and (3) the jury did not affirmatively answer a special issue on deadly weapon use, a deadly weapon finding should not have been included in the judgment.

Because the trial court has entered a nun pro tunc judgment which provides Smith with all relief that he has requested in this appeal, any judgment of this Court can have no effect on the rights of the parties. Smith's sole issue on appeal is therefore moot.

Accordingly, we dismiss the appeal as moot.


Scott E. Stevens
Justice

Date Submitted:    March 13, 2019
Date Decided:    March 29, 2019

Do Not Publish