

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

---

No. 07-18-00189-CR

---

CHRISTOPHER WAYNE HOGAN, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

---

On Appeal from the 440th District Court
Coryell County, Texas[1]
Trial Court No. 17-23994, Honorable Grant Kinsey, Presiding

---

June 12, 2019

MEMORANDUM OPINION

Before QUINN, C.J., and CAMPBELL and PARKER, JJ.

In this appeal, Christopher Wayne Hogan, appellant, challenges the facial constitutionality of a statute under which a court cost was assessed against him. Appellant also contends that the judgment entered against him contains errors. We modify the trial court's judgment in part and affirm the judgment as modified.

---

[1] Pursuant to the Texas Supreme Court's docket equalization efforts, this case was transferred to this Court from the Tenth Court of Appeals. See TEX. GOV'T CODE ANN. § 73.001 (West 2013).

Background

Because appellant's issues do not require a full recitation of the underlying facts, we do not recount them in detail here. Six months after appellant was placed on deferred adjudication community supervision, the State filed a motion to adjudicate guilt and revoke community supervision. Appellant pleaded true to six of the seven alleged violations of the terms of his community supervision. The trial court then found him guilty of the underlying offense and sentenced him to five years' imprisonment.

Analysis

Court Costs

In his first issue, appellant asserts that a court cost assessed against him, specifically, the $2 "transaction fee" authorized under article 102.072 of the Texas Code of Criminal Procedure, is facially unconstitutional. The statute providing for the fee states in pertinent part as follows:

> An officer listed in Article 103.003 or a community supervision and corrections department may assess an administrative fee for each transaction made by the officer or department relating to the collection of fines, fees, restitution, or other costs imposed by a court. The fee may not exceed $2 for each transaction.

TEX. CODE CRIM. PROC. ANN. art. 102.072 (West 2018).

The judgment in the clerk's record indicates that court costs are $274. Included in the judgment is a "Bill of Cost" form dated March 26, 2018, the date the judgment was entered. The Bill of Cost reflects a number of itemized charges, including a "Transaction

Fee/CR." The Bill of Cost shows that a charge of $2 was assessed, and the remaining balance for that charge is $0.

The State contends that appellant's challenge is moot because the zero balance indicates the fee has already been paid and there is no indication in the record that it was paid involuntarily. According to the State, appellant's voluntary payment of the fee eliminates any actual controversy between the parties. *See, e.g., State v. Garza*, 774 S.W.2d 724, 727 (Tex. App.—Corpus Christi 1989, pet. ref'd) ("a cause becomes moot when the appellate court's judgment cannot have any practical legal effect upon a controversy"). Although the Bill of Cost reflects a $40 difference between the costs assessed and the balance remaining on the date of judgment, the record does not reflect when or under what circumstances any payment was made. Without facts in the record to show that appellant intentionally and knowingly waived his right to challenge the transaction fee, we decline to presume that he did so. We therefore turn to the merits of his claim.

Whether a statute is facially unconstitutional is a question of law that we review de novo. *Ex parte Lo*, 424 S.W.3d 10, 14 (Tex. Crim. App. 2013). A facial challenge to a statute's constitutionality must be based on a claim that the statute always operates unconstitutionally. *Gillenwaters v. State*, 205 S.W.3d 534, 536 n.2 (Tex. Crim. App. 2006). As the reviewing court, we are thus tasked with considering the "statute only as it is written, rather than how it operates in practice." *State ex rel. Lykos v. Fine*, 330 S.W.3d 904, 908 (Tex. Crim. App. 2011).

We begin with the presumption that the statute is valid and that the legislature was neither unreasonable nor arbitrary in enacting it. *See Rodriguez v. State*, 93 S.W.3d 60, 69 (Tex. Crim. App. 2002). The party challenging the statute has the burden of establishing its unconstitutionality. *Id.* We must uphold the statute if we can apply a reasonable construction that renders it constitutional. *Maloney v. State*, 294 S.W.3d 613, 626 (Tex. App.—Houston [1st Dist.] 2009, pet. ref'd). In a facial-challenge analysis, we consider only applications of a statute that the statute actually authorizes or prohibits. *See Peraza v. State*, 467 S.W.3d 508, 514 (Tex. Crim. App. 2015).

The Texas Constitution guarantees separated powers among the three branches of government. TEX. CONST. art. II, § 1; *Salinas v. State*, 523 S.W.3d 103, 106 (Tex. Crim. App. 2017). The separation of powers provision is violated "when one branch of government assumes or is delegated a power 'more properly attached' to another branch . . . ." *Ex parte Gill*, 413 S.W.3d 425, 431-32 (Tex. Crim. App. 2013) (citing *Armadillo Bail Bonds v. State*, 802 S.W.2d 237, 239 (Tex. Crim. App. 1990)). If a statute makes the court into a tax gatherer, that statute delegates to the court a power that more properly belongs to the executive branch. *Salinas*, 523 S.W.3d at 107. However, if a statute authorizing court costs "provides for an allocation of such court costs to be expended for legitimate criminal justice purposes, then the statute allows for a constitutional application" and does not violate the separation of powers provision. *Peraza*, 467 S.W.3d at 517. A "criminal justice purpose" is one that "relates to the administration of our criminal justice system" and should be evaluated on a case-by-case basis. *Id.* at 517-18.

Appellant contends the fee violates the separation of powers provision of the Texas Constitution because article 102.072, the statute authorizing collection of the fee, does

4

not direct the fee to be spent for a legitimate criminal justice purpose. As appellant points out, article 102.072 does not state where the money collected is to be directed. However, the $2 fees authorized by article 102.072 are to be collected by certain court officers or a community supervision department "for each transaction made by the officer or department relating to the collection of fines, fees, restitution, or other costs imposed by a court." TEX. CODE CRIM. PROC. ANN. art. 102.072. That is, the fees "are imposed by virtue of a defendant's conviction and thus are attendant to a criminal court proceeding." *Johnson v. State*, No. 14-18-00273-CR, 2019 Tex. App. LEXIS 749, at *17 (Tex. App.—Houston [14th Dist.] Feb. 5, 2019, pet. filed). Therefore, we conclude that the transaction fee authorized by article 102.072 can be categorized as recoupment of criminal prosecution expenses. A statute under which a court recoups expenditures necessary or incidental to criminal prosecutions is facially constitutional. *See Moliere v. State*, No. 14-17-00594-CR, 2018 Tex. App. LEXIS 10152, at *14 (Tex. App.—Houston [14th Dist.] 2018, no pet.). Because appellant has not met his burden to show that the transaction fee cannot be used for legitimate criminal prosecution purposes in all circumstances, we overrule his first issue.

Errors in the Judgment

In his second issue, appellant contends that the judgment erroneously (1) describes terms of a plea bargain when there was no plea bargain, and (2) recites that appellant pleaded true to each of the alleged violations of the terms of his community supervision. We agree. The record reflects, and the State acknowledges, there was no plea bargain and appellant did not plead true to all of the violations alleged in the State's Motion to Adjudicate Guilt.

5

An appellate court has authority to reform a judgment to make the record speak the truth when the matter has been called to its attention by any source. *See* TEX. R. APP. P. 43.2(b); *see also Bigley v. State*, 865 S.W.2d 26, 27-28 (Tex. Crim. App. 1993) (en banc). Because the judgment adjudicating guilt was not the result of a plea bargain between appellant and the State, we reform the judgment to delete the language under the "Terms of Plea Bargain" section. Further, because the record demonstrates that appellant pleaded "true" to allegations numbered 2, 3, 5, 6, 7, and 8 in the State's Motion to Adjudicate Guilt, and "not true" to allegation number 4, we reform the judgment to so reflect.

## Conclusion

The judgment, as modified, is affirmed.

Judy C. Parker
Justice

Do not publish.