

## NUMBER 13-20-00464-CR

## COURT OF APPEALS

## THIRTEENTH DISTRICT OF TEXAS

## CORPUS CHRISTI - EDINBURG

DESTYN DAVID FREDERICK,                                        Appellant,

v.

THE STATE OF TEXAS,                                              Appellee.

### On appeal from the 81st District Court
### of La Salle County, Texas.

# MEMORANDUM OPINION

### Before Justices Benavides, Longoria, and Tijerina
### Memorandum Opinion by Justice Tijerina

Appellant Destyn David Frederick filed a notice of appeal of the trial court's June 2, 2020 judgment nunc pro tunc, arguing that the trial court incorrectly "increased the jury judgment to Capital Murder." We dismiss the appeal as moot.[1]

---

[1] This case is before this Court on transfer from the Fourth Court of Appeals in San Antonio pursuant to a docket equalization order issued by the Supreme Court of Texas. *See* TEX. GOV'T CODE ANN. § 73.001.

## I.  BACKGROUND

On February 12, 2014, a jury convicted Frederick of felony murder, assessed thirty years' imprisonment, and a $5,000 fine. *See* TEX. PENAL CODE ANN. § 19.02. On March 27, 2014, the trial court issued a judgment incorrectly assessing a fine of "$N/A."

On June 2, 2020 the State filed a motion for judgment nunc pro tunc erroneously asserting that Frederick pleaded "nolo contendere to the offense of capital murder of another person - (2nd)" and requesting that the judgment "be corrected to reflect 'a jury found the defendant guilty of Capital Murder and the jury assessed a punishment of 30 years Institutional Division, TDCJ and a fine of $5000.'" The trial court "ORDERED that the order entered on March 27, 2014 be corrected to reflect 'a jury found the defendant guilty of Capital Murder and the jury assessed a punishment of 30 years Institutional Division, TDCJ and a fine of $5000.'" It is this order which Frederick appeals.

On July 7, 2020, the State filed another motion for judgment nunc pro tunc, stating that a jury convicted Frederick of felony murder, and due to clerical errors, the trial court's March 27, 2014 judgment omitted the $5,000 fine assessed. On September 2, 2017, the trial court ORDERED that its order on March 27, 2014 "be corrected by the following words to be inserted in the section labeled: 'Offense for which Defendant Convicted: FELONY MURDER.' and in the section labeled: Fine: $5000.'" On September 17, 2020, Frederick filed a notice of appeal of the trial court's June 2, 2020 order and requested an extension of time to file a brief. The State filed a motion to dismiss the appeal as untimely.

## II.  MOOTNESS

"A case that is moot is normally not justiciable." *Pharris v. State*, 165 S.W.3d 681,

687 (Tex. Crim. App. 2005). The mootness doctrine limits courts to deciding cases in which an actual controversy exists between the parties. *See Jack v. State*, 149 S.W.3d 119, 123 n.10 (Tex. Crim. App. 2004) (per curiam) ("A case becomes moot on appeal when the judgment of the appellate court can no longer have an effect on an existing controversy or cannot affect the rights of the parties."); *State v. Garza*, 774 S.W.2d 724, 727 (Tex. App.—Corpus Christi–Edinburg 1989, pet. ref'd) ("It is axiomatic that a cause becomes moot when the appellate court's judgment cannot have any practical legal effect upon a controversy.").

Here, the record shows that the trial court amended its June 2, 2020 judgment thereby granting the relief Frederick now seeks on appeal, which was to omit the capital murder charge. Thus, the act of the trial court that Frederick complains of on appeal has been remedied, and we conclude that this appeal is therefore moot. *See Garza*, 774 S.W.2d at 727. All pending motions, including the State's motion for dismissal as untimely and Frederick's motion for an extension of time to file a brief are hereby DISMISSED AS MOOT.

## III.    CONCLUSION

We dismiss this appeal as moot.

JAIME TIJERINA
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
22nd day of December, 2020.

3