# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

## NO. 03-25-00081-CR

---

**Mark Suniga, Appellant**

**v.**

**The State of Texas, Appellee**

---

**FROM THE 453RD DISTRICT COURT OF HAYS COUNTY**
**NO. CR-22-4369-C, THE HONORABLE SHERRI TIBBE, JUDGE PRESIDING**

---

## M E M O R A N D U M   O P I N I O N

Mark Suniga was charged with indecency with a child by contact. *See* Tex. Penal Code § 21.11. At the end of the guilt-innocence phase, the jury found Suniga guilty of the charged offense. During the punishment hearing, the jury assessed his punishment at ten years' imprisonment. *See id.* §§ 12.33, 21.11(d). After the trial court read the jury's verdict, it informed the jury that their service was concluded and released them. Although the trial court later entered a written judgment of conviction sentencing Suniga consistent with the jury's verdict, the trial court never formally orally pronounced the sentence. After Suniga appealed, Suniga and the State both filed briefs arguing that the case should be remanded to the trial court to allow the trial court to orally pronounce its sentence. Accordingly, this Court abated the case and remanded it to the trial court so that it could "orally pronounce the sentence assessed by the jury in Suniga's presence." *Suniga v. State*, 03-25-00081-CR, 2025 WL 2347190, at *2 (Tex. App.—Austin Aug. 14, 2025, order) (mem. op., not designated for publication).

Subsequently, the trial court held a hearing in which it pronounced sentence in Suniga's presence. After the supplemental clerk's and reporter's records pertaining to the hearing were filed in this Court, the case was reinstated. Following reinstatement, Suniga advised the Court that he would not be filing a supplemental brief because he "has received the relief that he requested in [his] original brief on appeal." For the reasons that follow, we will dismiss the appeal.

"A court of appeals has no jurisdiction to decide moot controversies and issue advisory opinions." *Ex parte Huerta*, 582 S.W.3d 407, 411 (Tex. App.—Amarillo 2018, pet. ref'd). "It is axiomatic that appellate courts do not decide cases in which no case or controversy exists between the parties." *Belvis v. State*, No. 08-02-00121-CR, 2002 WL 31087290, at *1 (Tex. App.—El Paso Sept. 19, 2002, no pet.) (op., not designated for publication). "[A] cause becomes moot when the appellate court's judgment cannot have any practical legal effect upon a controversy." *State v. Garza*, 774 S.W.2d 724, 727 (Tex. App.—Corpus Christi-Edinburg 1989, pet. ref'd); *see also Ex parte Huerta*, 582 S.W.3d at 410 (noting that case can become moot at any state of proceeding, including on appeal). "The mootness doctrine applies to a case in which a justiciable controversy existed between the parties at the time the case arose, but the live controversy ceased because of subsequent events." *Ex parte Huerta*, 582 S.W.3d at 410.

Because the relief Suniga sought on appeal was granted by the trial court during the abatement, there is no longer a case or controversy between the parties. *Cf. Belvis*, 2002 WL 31087290, at *1 (explaining that trial court's granting motion for new trial following appeal rendered appeal moot). Accordingly, we dismiss the appeal as moot. *See Neill v. State*, No. 05-23-00277-CR, 2024 WL 3715722, at *1 n.1 (Tex. App.—Dallas Aug. 8, 2024, no pet.) (mem. op., not designated for publication) (determining that appellate issue asserting that trial

2

court erred by failing to announce his sentence in his presence was moot because sentence was announced in his presence during abatement); *Salinas v. State*, Nos. 05-13-01665—01666-CR, 2015 WL 4600734, at \*5 (Tex. App.—Dallas July 31, 2015, no pet.) (mem. op., not designated for publication) (same); *see also Ramos v. State*, No. 07-99-0378-CR, 2000 WL 1480506, at \*1 (Tex. App.—Amarillo Oct. 5, 2000, order) (not designated for publication) (reinstating and dismissing appeal as moot after abating to trial court because ruling by trial court during abatement mooted controversy as it gave appellant "the relief which was originally sought"); *Ex parte Gutierrez*, No. 03-11-00109-CR, 2013 WL 3336890, at \*1 (Tex. App.—Austin June 25, 2013, no pet.) (mem. op., not designated for publication) (dismissing appeal as moot following abatement).

_____

Karin Crump, Justice

Before Chief Justice Byrne, Justices Crump and Ellis

Dismissed as Moot

Filed:   March 26, 2026

Do Not Publish